ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -                                    )
                                               )
U.S. Coating Specialties & Supplies, LLC       )    ASBCA No.  58245
                                               )
Under Contract No.   W912EE-10-C-0019          )

APPEARANCES FOR THE APPELLANT:        Louis H. Watson, Jr., Esq.
                                        Watson & Norris, PLLC
                                        Jackson, MS

                                      Mr. Earl Washington
                                        Chief Operation Officer & CEO

APPEARANCES FOR THE GOVERNMENT:       Michael P. Goodman, Esq.
                                        Engineer Chief Trial Attorney
                                      John M. Breland, Esq.
                                      Steven H. Finch, Esq.
                                      Shane T. Lauritzen, Esq.
                                        Engineer Trial Attorneys
                                        U.S. Army Engineer District, Vicksburg

OPINION BY ADMINISTRATIVE JUDGE WOODROW
ON APPELLANT'S MOTION FOR RECONSIDERATION

This appeal arises from the termination for default of a contract to construct a building to house a large unclassified supercomputer at the Army's Engineering Research and Design Center (ERCD).  On April 9, 2015, the Board issued a decision denying the government's amended motion to dismiss or, in the alternative, for summary judgment. The Board also struck several affirmative counts of appellant's complaint for lack of jurisdiction.  *U.S. Coating Specialties & Supplies, LLC*, ASBCA No. 58245, 15-1 BCA ¶ 35,957 (*U.S. Coating I*).  On January 21, 2016, the government filed a renewed motion for summary judgment, contending that the parol evidence rule barred evidence of an alleged prior oral agreement between appellant and the Assistant U.S. Attorney (AUSA) during appellant's Chapter 11 bankruptcy proceedings, and alternatively, that the AUSA lacked actual authority to enter into the alleged agreement.  On April 6, 2017, the Board issued a decision denying the government's motion.  *U.S. Coating Specialties & Supplies, LLC*, ASBCA No. 58245, 17-1 BCA ¶ 36,710 (*U.S. Coating II*).

In *U.S. Coating II*, we held that the record was insufficient to determine whether the April 25, 2012 bankruptcy agreement was a fully integrated agreement and that genuine issues of material fact existed regarding whether there was a separate oral

agreement with the government to terminate the contract for convenience. 17-1 BCA ¶ 36,710 at 178,760. We further held the AUSA possessed the necessary authority to bind the government when the parties entered into the April 25, 2012 bankruptcy settlement agreement. *Id*. at 178,761.

Subsequently, the parties agreed to the submission of the appeal on the record without a hearing pursuant to Board Rule 11. Based on the briefs and evidence submitted, we concluded that appellant had not met its burden of demonstrating that the parties entered into a separate oral agreement to terminate the contract for convenience. We further concluded that the contracting officer (CO) reasonably exercised her discretion when she terminated the contract for default. *U.S. Coating Specialties & Supplies*, LLC, ASBCA No. 58245, 20-1 BCA ¶ 37702 at 183,026 (*U.S. Coating III*).

On October 30, 2020, appellant moved for reconsideration of the Board's decision, and, on February 17, 2021, the government filed its brief in opposition. As set forth below, we deny appellant's motion for reconsideration.

### DISCUSSION

In deciding a motion for reconsideration, we examine whether the motion is based upon newly discovered evidence, mistakes in our findings of fact, or errors of law. *Zulco Int'l, Inc.*, ASBCA No. 55441, 08-1 BCA ¶ 33,799 at 167,319. A motion for reconsideration does not provide the moving party the opportunity to reargue its position or to advance arguments that properly should have been presented in an earlier proceeding. *See Dixon v. Shinseki*, 741 F.3d 1367, 1378 (Fed. Cir. 2014). We do not grant motions for reconsideration absent a compelling reason. *J.F. Taylor, Inc.*, ASBCA Nos. 56105, 56322, 12-2 BCA ¶ 35,125 at 172,453.

In its motion for reconsideration, U.S. Coating does not challenge any of the Board's factual conclusions. Instead, U.S. Coating challenges inferences drawn from the record facts, rehashes old arguments, and seeks to resurrect claims that we previously dismissed.

First, U.S. Coating contends that the contracting officer, Jerri H. McGuffie, acted with racial animus and abused her discretion when she terminated the contract for default (app. mot. at 1). Specifically, U.S. Coating contends that she terminated the contract in order to allow the white-owned subcontractor, Mid-State, to legally assume the contract in order to avoid having to re-compete the contract in accordance with the Small Business Administration's 8(a) program (app. mot. at 1-3). U.S. Coating offers no new evidence to support this allegation, but instead relies upon allegations in its complaint or upon affidavits that already are part of the record (app. mot. at 7-9).

2

U.S. Coating's allegations concerning racial animus were the subject of several affirmative claims that appeared in U.S. Coating's August 1, 2013 amended complaint. In our April 2015 decision, we struck these affirmative claims for lack of jurisdiction. The claims were based upon U.S. Coating's allegations of racial animus and included affirmative claims for breach of contract, tortious interference with business and/or contractual relations, violations of the Fourteenth Amendment and the civil rights statutes (42 U.S.C. §§ 1981, 1983, 1985, 1986), negatively impacting the project schedule, and adding unnecessary costs to the project. *U.S. Coating I* at 175,705 (citing am. compl. ¶¶ 23-48). We found no evidence that U.S. Coating submitted any of these affirmative claims (stated in a sum certain or otherwise) to the contracting officer for decision and, therefore, concluded that U.S. Coating's failure to do so deprived the Board of jurisdiction to entertain the claims. *Id*. at 175,706.

In our most recent decision, which considered the merits of appellant's complaint, we considered all of the record evidence when we concluded that the CO reasonably exercised her discretion in terminating the contract for default. In particular, we examined the CO's contemporaneous memorandum for the record, which set forth unopposed evidence that U.S. Coating had failed to make reasonable progress on critical path items and provided no indication that it had a viable plan to halt slippage and regain the lost time. *U.S. Coating III* at 183,035. We also considered U.S. Coating's contention that the CO acted unreasonably when she refused to meet with U.S. Coating's president, Mr. Washington, regarding a replacement contractor. We concluded that the CO was justified in refusing to meet with Mr. Washington unless U.S. Coating provided adequate assurances that its bonding company supported the replacement contractor. *Id*.

In that decision we addressed directly U.S. Coating's allegations of bad faith, and held that its failure to provide any evidence of specific intent precluded us from concluding that the CO acted in bad faith when she terminated the contract. Because U.S. Coating provides no new evidence with its motion for reconsideration, we decline to alter our decision. *See Computer Sciences Corp.*, ASBCA Nos. 56168, 56169, 09-2 BCA ¶ 34,261 at 169,284 (denying motion for reconsideration in which party provides no new evidence).

U.S. Coating also renews its argument that it had a prior oral agreement with the AUSA under which U.S. Coating would settle the bankruptcy litigation in exchange for an agreement that the Corps would terminate the contract for convenience (app. mot. at 5-6). Again, U.S. Coating does not offer new evidence to support its argument, but instead revisits the same argument we previously considered. A motion for reconsideration is not intended to allow a party to reargue issues that previously were raised and decided. *See Green Valley Co.*, ASBCA No. 61275, 18-1 BCA ¶ 37,044 at 180,330.

3

<u>CONCLUSION</u>

For these reasons, U.S. Coating's motion for reconsideration is denied.

Dated:  September 13, 2021

KENNETH D. WOODROW
Administrative Judge
Armed Services Board
of Contract Appeals

I <u>concur</u>

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I <u>concur</u>

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58245, Appeal of U.S. Coating Specialties & Supplies, LLC, rendered in conformance with the Board's Charter.

Dated:  September 13, 2021

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals